CLEMMONS, Respondent, v. BRINN, Appellant, et al. (City Court of New York, General Term. May, 1901.) Action by William F. Clemmons against Isaac Brinn, impleaded with others. Levy & Unger (Charles Haldane, of counsel), for appellant. Abraham A. Joseph, for respondent.

CONLAN, J. The action is in replevin, brought to recover possession of 373⅜ yards of cloth, and the particular description of the property as given by the plaintiff, and upon which he relies for identification, is "whether the same is manufactured or unmanufactured, or in process of manufacture, but capable of identification," as the same appears in the plaintiff's affidavit; and precisely the same language appears in the complaint. The defendant Brinn alone defends, and, as one of his defenses, pleads a discharge in bankruptcy, and also joins issue upon the chief allegations in the complaint. Fraud is the very essence of the case at bar, and it is upon this very ground that the plaintiff seeks to rescind a contract of sale and to recover his property or its value. The case bristles all over with allegations and evidence of fraud and fraudulent intent, and so the learned trial judge, in one of the questions which he submitted to the jury, said: "Were the goods fraudulently purchased by the defendant Ellen Pinstein?" The finding of the jury upon all of the evidence, and under the charge of the court, which was eminently fair to the defendant, was to the effect that the transaction between the plaintiff and the defendant Pinstein was a fraud practiced upon the former, and that the possession of the property, which was the subject of the action, by the defendant Brinn, was, under the circumstances detailed, such an acceptance and adoption by him of the fraud of his codefendant as to render him liable, and because of these fraudulent

practices he cannot and could not in law claim any immunity by reason of his alleged discharge in bankruptcy. We think the verdict of the jury is well supported by the evidence, and that no errors were committed upon the trial to the prejudice of the defendant; and, holding these views, we think the judgment and order appealed from should be affirmed, with costs. Judgment affirmed, with costs.

HASCALL and O'DWYER, JJ., concur.